IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| Frederick L. Howell, | C/A No. 5:17-cv-01297-JFA |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Richard H. Gustafson; Clarissa W. Joyner; Alan M. Wilson; and Orangeburg County Public Defenders Corp., | |
| Defendants. | |

**I.  INTRODUCTION**

The *pro se* Plaintiff, Frederick L. Howell, is an inmate at the Turbeville Correctional Institution. He brings this action under 42 U.S.C. § 1983 contending that the Defendants violated his constitutional rights.

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") *sua sponte* and opined that this case should be dismissed without prejudice and without issuance and service of process. (ECF No. 12). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on July 21, 2017. (ECF No. 15). Thus, this matter is ripe for review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II. DISCUSSION

Plaintiff Howell's objection addresses several of the Report's conclusions. First, Plaintiff Howell argues that *Heck v. Humphrey*, 512 U.S. 477 (1994) should be applied to each Defendant because each alleged violation Howell listed in his complaint is "unique and separate." (ECF No. 15 p. 2). The Magistrate Judge, however, correctly opined that under the United States Supreme Court's ruling in *Heck*, Plaintiff's claim for damages and release from custody is barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. *See Heck*, 512 U.S. at 487. Moreover, as Plaintiff has not demonstrated that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued, the action must be dismissed for failure to state a claim, and his claim for monetary damages under § 1983 is barred by *Heck*.

Plaintiff Howell next argues that his imprisonment tolled the statute of limitations for his § 1985 and § 1983 claims, which would allow him to bring his claim in 2017, even though the statute of limitations ran in 2013. (ECF No. 15 p. 3). Plaintiff cites *Fricks v. Lewis*, 26 S.C. 237 (1887), asserting that his imprisonment constitutes a disability and thus the statute of limitations should have been tolled. However, imprisonment will not toll the statute of limitations because S.C. Code Ann. § 15-3-40 was amended in 1996 to delete the tolling provision for imprisoned persons. *See Wright v. Oliver*, 99 F.3d 1133 (4th Cir. 1996). Thus, Plaintiff Howell's argument is unfounded.

Howell continues to argue that S.C. Code Ann. § 15-78-70 applies to his claims against Orangeburg Public Defenders Corporation ("OPDC"). (ECF No. 15 p. 5). However, as the Magistrate Judge correctly noted, OPDC does not constitute a "person" for purposes of the statute and "thus cannot act under color of state law." (ECF No. 12 p. 7). Howell also argues that S.C. Code Ann. § 15-3-630 is applicable to his claim against OPDC. (ECF No. 15 p. 4). However, this Section applies to "[a]ctions against architects, professional engineers or contractors" and thus has no application to Howell's case. Therefore, this argument is without merit.

Next, Howell argues that his allegations of conspiratorial action against Defendant Joyner and state officials were made with sufficient specificity to suggest a meeting of the minds pursuant to *Sutton v. Calhoun*, No. 86-6673, 1986 WL 18629 (4th Cir. Sept. 9, 1986). However, as the Magistrate Judge noted, Howell has merely made a "naked assertion of a conspiracy without supporting operative facts." *See Bishop v. Richardson*, No. 88-6616, 1988 WL 76277, at *1 (4th Cir. Jul. 21, 1988) (citing *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)). Therefore, this argument is also unfounded.

Finally, Plaintiff Howell argues that his claim against Defendant Wilson should stand. (ECF No. 15 p. 7). However, the Eleventh Amendment contains a prohibition against such suit. *See Fey v. Washington*, No. 16-cv-03103-WJM-MEH, 2017 WL 1344451 (D. Colo. Apr. 12, 2017) (citing *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Levy v. Kan. Dep't of Social & Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015). Therefore, as the Magistrate Judge pointed out, this argument is also unfounded.

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objection thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation. (ECF No. 12). Thus, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

September 5, 2017　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　United States District Judge